## BELLSOUTH TELECOMMUNICATIONS, INC., Plaintiff–Appellee,

v.

GEORGIA PUBLIC SERVICE COMMISSION, Stan Wise, in his official capacity as Chairman of the Georgia PSC, et al., Defendants–Appellees,

Competitive Carriers of the South, Inc., Intervenor–Defendant–Appellant.

Competitive Carriers of the South, Inc., Plaintiff–Appellant,

v.

Georgia Public Service Commission, Stan Wise, in his official capacity as Chairman of the Georgia PSC, et al., Defendants–Appellees,

Bellsouth Telecommunications, Inc., Intervenor–Defendant–Appellee.

Nos. 08–10521, 08–10522.

United States Court of Appeals, Eleventh Circuit.

Jan. 26, 2009.

Sidney Ray Barrett, Jr., Daniel Stephen Walsh, Atlanta, GA, Sean Abram Lev, Kellogg Huber Hansen Todd Evans & Figel, Washington, DC, for Appellees.

William L. Magness, Casey, Gentz & Magness, LLP, Austin, TX, Anne Ware Lewis, Strickland, Brockinton, Lewis, LLP, Atlanta, GA, for Appellant.

David I. Adelman, Marsha Anne Ward, Sutherland Asbill & Brennan, LLP, Atlanta, GA, for Amicus Curiae Verizon.

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Competitive Carriers of the South, Inc. (CompSouth) appeals the district court's grant of declaratory and injunctive relief to BellSouth Telecommunications, Inc. (BellSouth), and the district court's denial of declaratory and injunctive relief to CompSouth. Both BellSouth and Comp-South brought actions seeking declaratory and injunctive relief from orders of the Georgia Public Service Commission (PSC). These actions were consolidated in the district court because they turned on a common question of law—namely, whether the PSC has authority to implement 47 U.S.C. § 271. These cases have also been consolidated in the present appeal.

In the PSC orders, the PSC asserted its authority to implement 47 U.S.C. § 271 and required BellSouth to charge certain regulated rates to satisfy § 271. The district court concluded the PSC lacks authority pursuant to either federal or state law to implement 47 U.S.C. § 271. Moreover, the district court found the PSC lacked authority to set rates for facilities and services required under § 271. After the benefit of oral argument, and reviewing the record and the parties' briefs, we agree and affirm for the reasons stated in the district court's well-reasoned order, which is published at 587 F.Supp.2d 1258 (N.D.Ga.2008).

AFFIRMED.